748 P.2d 399

Robert SHERRARD and Ivy Sherrard,
husband and wife,
Plaintiffs–Respondents,

v.

The CITY OF REXBURG, Idaho, a mu-
nicipal corporation, DeLynn Edstrom
and David Thibault, Defendants–Appel-
lants,

and

Intermountain Gas Company, a
corporation, Defendant.

No. 17017.

Supreme Court of Idaho.

Jan. 7, 1988.

Ward, Maguire, Bybee & Kline, Pocatel-
lo, for appellants. D. Kirk Bybee argued.

Anderson, Pike & Bush, Idaho Falls, for
respondents. John M. Sharp argued.

SHEPARD, Chief Justice.

This case presents certified questions
from the United States District Court of
Idaho pursuant to I.A.R. 12.1, *i.e.*, (1) when
an insurer of an alleged tortfeasor munici-
pality becomes insolvent, do the provisions
of the Idaho Insurance Guaranty Act (I.C.
§ 41–3601 *et seq.*) limit a plaintiff's amount
of recovery against the tortfeasor munici-
pality; and (2) if the answer to the fore-
going question is yes, are medical expenses
and disability payments received by such a
plaintiff under the Workmen's Compensa-
tion Law to be deducted from any award to
the plaintiff.

The facts are stipulated[1] but may be
summarized as follows: Plaintiff, Ivy Sher-

---

1. 1. On the 28th day of September, 1983, in
Rexburg, Idaho, plaintiff was an employee of a
private corporation working in the Rexburg,
Idaho, City Hall in office space leased from the
City; on said date the City of Rexburg, through
its employees, DeLynn Edstrom and David Thi-
bault, caused a trench to be dug adjoining the
City Building, and in doing so the employees
struck a gas main, causing the same to separate,
the gas igniting and causing an explosion in the
City Building. As a result of the explosion,
plaintiff was thrown to the floor and debris fell
upon her causing injuries.

2. That the incident which gave rise to plain-
tiff's cause of action occurred while plaintiff
was engaged within the scope and course of her
employment at East Central Idaho Planning and
Development Association, Rexburg, Idaho.
Plaintiff has made a claim of benefits to the
Industrial Commission of the State of Idaho
pursuant to the Idaho Worker's Compensation

Law, Idaho Code title 72. Plaintiff has in fact
received and continues to receive Worker's
Compensation benefits paid by State Insurance
Fund, surety of her employer. Plaintiff had no
other insurance coverage.

3. That the City of Rexburg and its employees,
DeLynn Edstrom and David Thibault, were in-
sured by a policy issued by Glacier General
Assurance Company; that subsequent to the
date of occurrence, the defendant's insurer, Gla-
cier General Assurance Company, became insol-
vent; it therefore became necessary for the In-
surance Guaranty Act, (I.C. § 41–3601 et seq.),
to administer the claim which was filed by
plaintiffs on behalf of Glacier General Assur-
ance Company's insureds, the defendant City of
Rexburg and its employees, Edstrom and Thi-
bault.

4. That plaintiffs contend that plaintiff Ivy
Sherrard sustained damages in an amount ex-
ceeding $100,000.00. The parties agree the lia-

rard, was injured during the course of her employment for a private corporation which was housed in leased office space in the Rexburg City Hall. Employees of the municipality in the course of excavating a trench, struck a gas main which caused an explosion in the City Hall building resulting in plaintiff's injuries. Rexburg and its employees were insured by Glacier General Assurance Company which subsequent to the date of the accident became insolvent. It is alleged that Ivy Sherrard sustained damages which exceed $100,000.00, but the parties agree that the liability of any of the defendants is limited by the provisions of I.C. § 6–926 (Idaho Tort Claims Act), to the sum of $100,000.00.

Plaintiffs filed this action against the City of Rexburg, two of its employees, and Intermountain Gas Company in the United States District Court. Intermountain Gas Company was granted summary judgment which was certified as a final judgment, and no appeal was taken therefrom. This Court on June 26, 1987, accepted for decision the question certified by the United States District Court.

The actual parties before that court occupy positions which are traditional and straightforward. Plaintiffs claim to have been damaged by the municipality and its employees who are alleged to be tortfeasors. No other parties are before that court. Defendant tortfeasor municipality argues a most novel proposition, *i.e.*, that merely because the municipality's liability insurance carrier has become insolvent, any recovery by the plaintiffs against defendants is limited. It is asserted that plaintiffs' claim against defendants is subject to the provisions of the Idaho Insurance Guaranty Act, I.C. § 41–3601 *et seq.*, and therefore any recovery obtained by plaintiffs against defendants must be reduced by the amount received by plaintiffs under Idaho's Workmen's Compensation Law, I.C. § 72–101 *et seq.* Such result would also eliminate any subrogation rights of recovery by plaintiff's employer for amounts paid under the Workmen's Compensation

Law. I.C. §§ 72–223, 41–3612. Plaintiff's employer is not a party in the action.

It is clear that no relationship, contractual or otherwise, exists between a tortiously injured plaintiff and the liability carrier, insolvent or otherwise, of the tortfeasor. It is clear that no direct cause of action lies between such plaintiff and such insurance carrier. *Pocatello Industrial Park Co. v. Steel West, Inc.,* 101 Idaho 783, 621 P.2d 399 (1980). The insurance carrier is not a party to the action, nor is its statutory successor, the Idaho Insurance Guarantee Association.

The Idaho Insurance Guaranty Act was enacted in 1970, with the stated intent of affording protection to persons having "covered claims" against insurance carriers who had become insolvent, and to spread and assess the cost of such protection among insurance carriers. *See* I.C. § 41–3602. We find no clear legislative intent in the provisions of the Act to inhibit or restrict the right of a tortiously injured plaintiff against a tortfeasor. Since the Idaho Insurance Guarantee Association is not a party herein, and since the question is not presented, we express no opinion as to the ability of a tortiously injured plaintiff who has been unable to recover against a tortfeasor to proceed against the Idaho Insurance Guarantee Association in the event that the insurer of the tortfeasor has become insolvent. We are asked by defendant municipality to hold that an otherwise financially responsible tortfeasor is somehow shielded and insulated from a portion of its liability in tort by the mere fortuitous insolvency of its insurer. We do not perceive any such legislative intent in the legislative enactment. Although the Insurance Guaranty Association Act was a type of uniform legislation proposed to and enacted in many other jurisdictions, we are cited to no case authority in any jurisdiction which suggests that the interpretation sought by the defendants is correct.

---

bility, if any, of the defendants, the City of Rexburg, DeLynn Edstrom and David Thibault is limited to the sum of $100,000.00 by reason of

I.C. § 6–926 in effect at the time of the occurrence.

The only parties properly in the action are the plaintiffs, who have allegedly been injured by the tortious acts of the defendant municipality. Our holding is narrow, *i.e.*, that the defendant city of Rexburg cannot assert an offset of the amounts of workmen's compensation received by the plaintiffs. Our holding is necessarily narrow since otherwise our decision would impact the rights and interests of plaintiff's employer, its surety, the defunct insurer, and the Idaho Insurance Guarantee Association who are not parties before this Court.

Since we answer the first certified question in the negative, we need not consider the second certified question.

BAKES, BISTLINE and HUNTLEY, JJ., and McQUADE, J. (Pro Tem), concur.